UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA TATE, GARRY RICHARDSON, and KELLY R. DICKEY, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. 22-CV-0521-CVE-SH |
| CITY OF BARTLESVILLE, NEIGHBORHOOD SERVICES CODE ENFORCEMENT, MIKE WICKHAM, and TREVOR BAY, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are the following motions: plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2); plaintiffs' motion for permanent injunction (Dkt. # 3); Defendants' Motion to Dismiss and Brief in Support (Dkt. # 6); and Defendants' Motion to Strike Plaintiffs' Improper Reply (Dkt. # 15). Defendants argue that plaintiffs have failed to state a claim upon which relief can be granted, and plaintiffs have failed to properly serve any defendant. Defendants also argue that plaintiffs Garry Richardson and Kelly R. Dickey are engaged in the illegal practice of law, because plaintiffs Richardson and Dickey are proceeding pro se and they may not represent or attempt to represent another pro se party, Rebecca Tate. As to plaintiffs' motion to proceed in forma pauperis (Dkt. # 2), the motion is signed by Dickey and Richardson only and the motion provides little specific information about their financial condition. The motion also fails to specify whether the information contained in the motion applies to Richardson or Dickey, and the Court finds that the motion (Dkt. # 2) should be denied without prejudice due to the vague nature of the information provided by Dickey and Richardson concerning their ability to pay the filing fee

and other costs. The Court also finds that defendants' motion to strike plaintiffs' surreply (Dkt. # 15) should also be denied, because plaintiffs are proceeding pro se and they should be given some latitude in submitting additional information in support of their claims.

I.

On November 30, 2022, plaintiffs Garry Richardson and Kelly R. Dickey filed a pro se complaint for alleged violation of civil rights against defendants City of Bartlesville (the City), Neighborhood Service Code Enforcement, Mike Wickham, and Trevor Bay. The complaint is signed by Richardson and Dickey, but they also name Rebecca Tate as a plaintiff in the complaint. Dkt. # 1, at 7. Richardson and Dickey also filed a motion to proceed in forma pauperis, and that motion is signed by Richardson and Dickey only. Dkt. # 2. Plaintiffs allege that Mike Wickham is the supervisor of neighborhood services code enforcement for the City, and Trevor Bay is allegedly a code enforcement officer. Dkt. # 1, at 3. The complaint alleges that Mike Wickham went to Richardson and Dickey's house and told them that he was going into their backyard. Dkt. # 1, at 5. Richardson or Dickey allegedly that told Wickham that he could not go into the backyard without a warrant, and Wickham "waved some papers he had in his hand in the air" to suggest that he had a search warrant. Id. Either Richardson or Dickey asked to see the warrant, but Wickham allegedly refused to allow them to see the papers. Wickham also told Richardson or Dickey to put their dog in the house or the dog would be shot. Id. The gate to the backyard was locked and Wickham used a saw to remove a board to unlock the gate. Id. Richardson and Dickey allege that the City removed two trailer loads of personal property from the backyard. Id. Wickham also entered a nearby apartment building and took pictures of the inside of the building, and Richardson and Dickey allege that the City used these photographs as justification to tear the apartment building down. Id.

Richardson and Dickey allege that they have suffered emotional distress and post-traumatic stress disorder as a result of the incident, and they seek injunctive relief to prevent defendants from further harassing them. Id. at 6. Richardson and Dickey also seek the return of their property that was taken from the backyard, and they ask the Court to enjoin condemnation of the apartment building. Dkt. # 3, at 5.

Defendants have filed a motion to dismiss (Dkt. # 6) and plaintiffs Richardson and Dickey have filed numerous other documents reasserting their allegations, although these documents are not necessarily responsive to the arguments raised in defendants' motion to dismiss. Dickey has filed an "exhibit" to the complaint explaining that the City gave Richardson and Dickey notice to clean up their property, and the City set a code enforcement hearing for July 28, 2022. Dkt. # 9, at 2. Dickey has provided a copy of the request for voluntary correction of code violation detailing the poor condition of the house where Dickey and Richardson were living.[1] Id. at 9. The document provided by Dickey clearly shows that Richardson and Dickey had notice of potential municipal violations, knew of the hearing set for July 28, 2022, and they were given notice that the City could enter their property to cure the violations without a search warrant. Id. Tate has filed a statement alleging that she owns the apartment building referenced by Richardson and Dickey, and she states that Wickham and another code enforcement officer ordered her to evict Richardson and Dickey from the home referenced in the complaint. Dkt. # 11, at 3. She claims that Wickham threatened to have the apartment building condemned unless she evicted Richardson and Dickey. Id. She

---

[1] The written notice is referenced in plaintiffs' pleadings and is central to resolution of plaintiffs' claims, and the Court may refer to the document without converting defendants' motion into a motion for summary judgment. Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007).

further claims that the City has threatened to tear down the apartment building numerous times and has repeatedly fined her, even though she has made repairs in an effort to get the apartments in condition to rent to tenants. Id. at 4. Richardson and Dickey have also filed additional documents asserting that they had a clearly established right to be free from unlawful searches, and they argue that Wickham and Bay did not have a warrant authorizing them to enter their backyard. Dkt. # 14; Dkt. # 18. Richardson and Dickey have also provided photographs of the personal property removed from their home. Dkt. # 20.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true

those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants argue that Tate has not signed any document filed in this case and Richardson and Dickey are engaged in the illegal practice of law by attempting to represent another pro se party. Dkt. # 7. Defendants also assert that they have not been served with a summons issued by the Court Clerk, and Richardson and Dickey have failed to adequately allege a claim against any defendant. Id. at 8. Richardson and Dickey have filed several documents that could be construed as a response to defendants' motion to dismiss, but their filings are largely non-responsive to the arguments raised by defendants. Plaintiffs' primary argument is that Wickham and other agents of the City entered Richardson's and Dickey's backyard without a warrant, and they claim that defendants engaged in an illegal search in violation of the Fourth Amendment. They could also be arguing that defendants violated the Takings Clause of the Fifth and Fourteenth Amendments by removing property from the backyard of Dickey's and Richardson's property.

### A.

Defendants argue that Richardson and Dickey are attempting to represent Tate, and a pro se party is prohibited from attempting to represent another pro se party in federal court. Dkt. # 6, at 7. The law is clearly established that a pro se litigant may not represent other pro se litigants in federal court. 28 U.S.C. § 1654; Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). The complaint names Richardson, Dickey, and Tate as plaintiffs, but Richardson and

Dickey are the only plaintiffs who signed the complaint. After defendants filed a motion to dismiss, Tate filed an statement (Dkt. # 11) explaining her communications with the City concerning the possible condemnation of an apartment building that she owns, and it appears that Richardson and Dickey are Tate's tenants of a house located near the apartment building. Dkt. # 11, at 2-3. However, there is nothing in Tate's statement suggesting that she intended to join in the claims filed by Richardson and Dickey, and she may have an adversarial relationship with these parties. She also makes no statements suggesting that she was aware that Richardson and Dickey had filed this case. The Court does not find that Tate's statement cures the problem identified by defendants, and it does not appear that Tate intended to be named as a plaintiff in this case. Tate did not sign the complaint and does not join in the claims alleged by Richardson and Dickey, and she is dismissed as a party to this case.[2]

### B.

Defendants argue that plaintiffs have not properly served them as required by Fed. R. Civ. P. 4, and defendants ask the Court to dismiss plaintiffs' claims. Defendants claim that plaintiffs have attempted to serve them with a fake summons that was not issued by the Court Clerk, and the summons was not served with a copy of plaintiffs' complaint. Dkt. # 6, at 2. The Court has reviewed plaintiffs' filings and they have not responded to defendants' argument concerning the improper service of process.

Under Fed. R. Civ. P. 4(c)(1), a plaintiff is required to serve a summons and a copy of the complaint on a defendant within the time limit provided under Rule 4(m). The time limit to effect

---

[2]    For the remainder of this Opinion and Order, the Court will use the term "plaintiffs" to refer to Richardson and Dickey only.

service under Rule 4(m) is 90 days. The docket sheet shows that the Court Clerk has not issued any summonses and the time to effect proper service on defendants has expired. Plaintiffs have failed to timely serve defendants as required by Rule 4(m) and plaintiffs' claims are subject to dismissal on this basis alone. However, plaintiffs are proceeding pro se and defective or improper service can be cured without any substantial prejudice to defendants, and the Court will consider defendants' remaining arguments for the dismissal of plaintiffs' claims.

C.

The City argues that "Neighborhood Services Code Enforcement" is a division of the City, not a separate legal entity, and "Neighborhood Services Code Enforcement" is not an entity capable of being sued. Dkt. # 6, at 6. Plaintiffs have not responded to the City's argument, but the law is clear that a municipal department, division, or subsidiary is not a "person" subject to suit under 42 U.S.C. § 1983. Lopez v. Bd. of County Commr's for Lea County, 2016 WL 10588126, *5 (D.N.M. Mar. 4, 2016). A suit against a municipal division or department is simply another way of suing the municipality, and plaintiffs have named the City as a party in this case. See Hill v. Town of Valley Brook, 595 F. Supp. 3d 1030, 1041-42 (W.D. Okla. 2022). The "Neighborhood Services Code Enforcement" division of the City is not a person subject to suit under § 1983 and is dismissed as a party.

D.

The City argues that plaintiffs have failed to allege facts supporting an inference that their constitutional rights were violated and, even if they had, plaintiffs have not alleged any facts suggesting that an official policy or custom of the City caused a violation of their constitutional rights. The Court has reviewed plaintiffs' filings, and they repeatedly argue that the actions of the

7

individual defendants violated their Fourth Amendment rights. However, plaintiffs have not responded to the City's argument that any constitutional violation was caused by an official policy or custom of the City.

Under § 1983, a local government or municipality may be held liable for adopting an official policy or custom causing a violation of constitutional rights, but local governments can not be sued under a respondeat superior theory of liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." Moss v. Kopp, 559 F.3d 1155, 1168 (10th Cir. 2009). It is not enough for a plaintiff to allege that the actions of a governmental employee injured him. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002). "Instead, it must be shown that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Seamons v. Snow, 206 F.2d 1021, 1029 (10th Cir. 2000). One way for a plaintiff to prove a claim of municipal liability is to show that an express policy deprived the plaintiff of a constitutional right. Christensen v. Park City Mun. Corp., 554 F.3d 1271, 1279 (10th Cir. 2009). Another way to establish municipal liability is to show that an action taken by a final policymaker for the governmental entity violated or caused a violation of the plaintiff's constitutional rights. Simmons v. Uintah Health Care Special Dist., 506 F.3d 1281, 1285 (10th Cir. 2007).

A municipal policy or custom may take the form of "(1) 'a formal regulation or policy statement'; (2) an informal custom 'amoun[ting] to 'a widespread practice that, although not

authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'; (3) 'the decisions of employees with final policymaking authority'; (4) 'the ratification by such final policymakers of the decisions–and the basis for them–of subordinates to whom authority was delegated subject to these policymakers' review and approval'; or (5) the 'failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused.'" Bryson v. Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010) (quoting Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189-90 (10th Cir. 2010)).

Plaintiffs have made no attempt to allege that any violation of their constitutional rights was caused by an official policy or custom of the City, and the City should be dismissed as a party. The Court will separately consider whether plaintiffs have adequately alleged that the individual defendants committed a constitution violation, but even if a constitutional violation occurred, the City cannot be held liable under a respondeat superior theory of liability. Construing plaintiffs' pro se allegations broadly, they have attached copies of Oklahoma statutes to one of their filings (Dkt. # 9) and they could be attempting to allege a state law claim against the City. However, plaintiffs have not alleged that they complied with the notice requirements of the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 156, and this requirement is a jurisdictional prerequisite in order to bring a claim against a political subdivision such as the City. Hall v. GEO Group, Inc., 324 P.3d 399, 404 (Okla. 2014). Therefore, plaintiff cannot proceed with state law tort claims against the City. Plaintiffs have not adequately alleged any basis to proceed with federal or state law claims against the City, and the City is dismissed as a party.

**E.**

Wickham and Bay argue that plaintiffs have failed to allege that a constitutional violation occurred and they assert that they are entitled to qualified immunity. Dkt. # 6, at 10-15. They argue that municipal nuisance abatement actions do not violate the Fourth Amendment as long as proper notice is given to the offending party, and there has not been an unconstitutional taking in violation of the Fifth and Fourteenth Amendments. Plaintiffs admit that they received notice that they needed to abate certain violations of municipal law, but they claim that Wickham and Bay needed a search warrant to enter their property and remove items from the backyard. Dkt. # 8, at 4; Dkt. # 9, at 3-4; Dkt. # 14, at 3, 7-8.

The Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity shields public officials from facing the burdens of litigation and is an immunity from suit, not simply a defense to a plaintiff's claims. Serna v. Colorado Dept. of Corrections, 455 F.3d 1146, 1150 (10th Cir. 2006). The Tenth Circuit applies a two-step analysis to determine if a defendant is entitled to qualified immunity. Plaintiff must prove that a defendant's actions violated a specific constitutional right and, if plaintiff has shown that a constitutional violation occurred, plaintiff must show that the constitutional right was clearly established when the conduct occurred. See Toevs v. Reid, 685 F.3d 903, 909 (10th Cir. 2012). A court has discretion to consider the steps in whatever order is appropriate under the circumstances. Id. at 910 (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)). Plaintiff bears the burden to prove that his or her constitutional rights were violated and that the law giving rise to the

claims was clearly established at the time the acts occurred. See Cox v. Glanz, 800 F.3d 1231, 1246 (10th Cir. 2015); Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001).

"Because they turn on a fact-bound inquiry, qualified immunity defenses are typically resolved at the summary judgment stage rather than on a motion to dismiss." Thompson v. Ragland, 23 F.4th 1252, 1256 (10th Cir. 2022) (internal quotations omitted). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." Thomas v. Kaven, 765 F.3d 1183, 1194 (10th Cir. 2014). "On a motion to dismiss, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for [constitutionality]." Thompson, 23 F.4th at 1256 (internal quotations omitted, emphasis and alterations in Thompson).

In this case, the allegations of plaintiffs' complaint and related documents are sufficiently clear that the Court can resolve the issue of qualified immunity at the pleading stage. Plaintiffs admit that they received notice that the City was investigating municipal code violations, and they were advised to correct the code violations no later than July 28, 2022. Dkt. # 9, at 9. The violations included excessive litter and trash around the exterior of plaintiffs' house, possible public health issues related to the litter and debris, and trees and shrubs that had grown onto streets, sidewalks, and public rights of way. Id. Plaintiffs were notified that a hearing was set for July 28, 2022 at 2:00 p.m., but their allegations suggest that plaintiffs did not attend the hearing. Id. at 2. Instead, plaintiffs refused to allow employees of the City to enter their property and they demanded that City employees show a search warrant in order to enter their backyard. Dkt. # 1, at 5. Plaintiffs' allegations do not suggest that the individual defendants were engaged in a criminal investigation, and the notice to correct municipal code violations pertained to public health and safety matters. The

Tenth Circuit has determined that a municipal abatement action does not violate the Fourth Amendment as long as the offending party received procedural due process prior to entry onto their property.  Santana v. City of Tulsa, 359 F.3d 1241 (10th Cir. 2004).  "The relevant inquiry is not whether [plaintiffs'] yard was a nuisance, but whether defendants' actions met procedural due process standards and were constitutionally reasonable."  Morrison v. Cox, 546 F. App'x 770, 772 (10th Cir. 2013).[3]  Plaintiffs admit that they received notice and had an opportunity to cure violations of municipal law before the City entered their property to abate a public nuisance, and plaintiffs chose not to avail themselves of the opportunity to voluntarily clean up their property.  Plaintiffs focus solely on defendants' failure to obtain a search warrant but, under the circumstances, the more important inquiry is whether plaintiffs had sufficient notice of the abatement action.  Plaintiff's allegations and the written notice provided to plaintiffs make clear that they received due process before the City entered their property to abate a nuisance.  Plaintiffs have not established that the individual defendants' entry into their backyard constituted a search under the Fourth Amendment, and plaintiffs have not alleged facts suggesting that defendants violated the Fourth Amendment.  For similar reasons, the removal of personal property from plaintiffs' backyard to abate a public nuisance does not constitute a violation of the Takings Clause of the Fifth and Fourteenth Amendments.  See Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 491 (1987).  "[T]he government owes a landowner no compensation for requiring him to abate a nuisance on his property, because he never had a right to engage in the nuisance in the first place."  Cedar Point Nursery v. Hassid, 141 S. Ct. 2063, 2079 (2021).

---

[3]   Unpublished decisions are not precedential, but they may be cited for the persuasive value.  10th Cir. R. 32.1(A).

Based on the Court's finding that no constitutional violation occurred, it is unnecessary for the Court to reach the second prong of the qualified immunity analysis. Plaintiffs' allegations do not support an inference that the individual defendants entered plaintiffs' backyard for the purpose of conducting a criminal investigation or that property was illegally removed from plaintiffs' backyard. Instead, plaintiffs had notice of an impending abatement of a nuisance on their property and they failed to take corrective action, and they have not alleged any facts suggesting that their constitutional rights were violated. The individual defendants have qualified immunity from plaintiff's § 1983 claims, and plaintiffs' claims against them are dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Brief in Support (Dkt. # 6) is **granted**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Improper Reply (Dkt. # 15) is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for permanent injunction (Dkt. # 3) is **moot**.

**DATED** this 23rd day of June, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE